MAY TERM, 1920.                    413

Empire Health, etc., Ins. Co. *v.* Chatman—73 Ind. App. 413.

EMPIRE HEALTH AND ACCIDENT INSURANCE COM-
PANY *v.* CHATMAN.

[No. 10,293.   Filed April 30, 1920.   Rehearing denied June 16,
1920.]

INSURANCE.—*Accident Insurance.—Policy Stipulation Limiting
Indemnity.—Construction.—*Under an accident insurance policy
providing for weekly benefits of $5, limited to twenty weeks
in any twelve calendar months, where insured was injured in
March, 1916, and received five weekly benefits in March and
April, and was again injured on September 21, 1916, and re-
ceived fourteen weekly benefits from September 29 to January
8, 1917, he was not entitled to an allowance of twenty weekly
benefits beginning March, 1917, if disabled for that length of
time, irrespective of the payments made from September, 1916,
to and including January, 1917, notwithstanding insurer's state-
ment to insured in January, 1917, that he would not be entitled
to further benefits until the following March for the reason
that twenty weekly benefits had been paid to him since March,
1916.

From Marion Superior Court (a-658) ; *Theophilus J.
Moll,* Judge.

Action by Charles Chatman against the Empire
Health and Accident Insurance Company. From a
judgment for plaintiff, the defendant appeals. *Affirmed
conditionally.*

*W. S. Taylor,* for appellant.
*Frank G. West,* for appellee.

McMAHAN, J.—This is an action on an industrial in-
surance policy which provided in case of an accident for
a weekly benefit of $5.   One of the provisions of the
policy was that "weekly benefits as provided for in this
policy are limited to twenty weeks in any twelve cal-
endar months."   Appellee recovered a judgment for $85.

The evidence shows that in March, 1916, appellee re-
ceived an injury, and that during March and April of
that year he received five weekly benefits.   He received
another injury on September 21, 1916.   From Septem-

ber 29, 1916, to January 8, 1917, he received fourteen weekly benefits. On January 8, 1917, when the benefit of that week was paid to him, he received a blank for the next weekly benefit for the purpose of having it filled out as required by the policy. At that time he was informed by appellant that, when the next payment was made, he would not be entitled under the terms of the policy to draw any more benefits until the following March, as that would make the twentieth benefit paid him since March, 1916. He was paid benefits again for the weeks ending March 26, April 2 and 9, 1917. He filed a claim for the week ending April 16, but it was not paid, for the reason that it showed that his incapacity was not brought about by an accident. No further claims were filed or paid.

Appellant filed an answer admitting that appellee was entitled to three weekly benefits, and paid the amount thereof ($15) into court for the use of the appellee. Appellant contends that during no period of twelve calendar months was appellee, under the terms of the policy, entitled to more than twenty weekly benefits. Appellee contends that, in computing the time during which he was entitled to benefits, we should begin with March, 1916, and allow him twenty benefits, during a period of twelve months and that, beginning with March 26, 1917, he was again entitled to draw weekly benefits for twenty consecutive weeks, if he was disabled that length of time, irrespective of the payments made from September, 1916, to and including January, 1917, his contention being that appellant, when it informed him in January, 1917, that he would not be entitled to any more benefits until March, placed such a construction on the policy as to start a second twelve-month period for which he was entitled to benefits.

This contention of appellee cannot be sustained. Neither the policy nor the statement of appellant rela-

tive to the continuance of payments of benefits in March, 1917, is subject to such construction. Beginning September 29, appellee had received seventeen weekly benefits. He was entitled to three more weekly benefits, prior to and including August, 1917. If appellee's contention should prevail, he would have been entitled not only to the fourteen weekly benefits paid him between September 29, 1916, and January 9, 1917, but to twenty additional weekly benefits from March to August, 1917, or a total of thirty-four weekly benefits in a period of twelve calendar months. Under the terms of the policy, he was limited to twenty weekly benefits during a period of twelve calendar months. The amount of recovery being too large, the court erred in overruling the motion for a new trial.

The judgment, however, will be affirmed if appellee within thirty days shall enter a remittitur of $70 as of the date of the verdict; otherwise the judgment is reversed, with directions to grant appellant a new trial, and for further proceedings not inconsistent with this opinion. Costs taxed against appellee.